UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PRIME PROPERTY & CASUALTY
INSURANCE COMPANY,

      Plaintiff,

vs.

PAK AUTO TRANSPORTERS LLC,
KARINA ORTEGA, JACKELINE
MARIN RODRIGUEZ, and STEPHEN
DIAMOND,

      Defendants

                                    /

Case No.

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Prime Property and Casualty Insurance Company ("Prime") sues PAK Auto Transporters LLC ("PAK"), Karina Ortega ("Ortega"), Jackeline Marin Rodriguez ("Marin"), and Stephen Diamond ("Diamond") (collectively, "Defendants") for declaratory relief as follows:

### **JURISDICTION AND VENUE**

1.    This is an action for declaratory relief filed for the purpose of determining an actual and present controversy between the parties arising out of an incident that occurred on or about June 28, 2022 in Orange County, Florida, in which Marin and Diamond allegedly sustained damages, but which is not a covered loss under the policy of insurance issued by Prime.

2. This Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, exclusive of fees, interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants.

3. Prime is a foreign Corporation under the laws of the State of Illinois, domiciled in and with its principal place of business in Utah.

4. PAK is a Florida limited liability company organized under the laws of Florida, domiciled in and with its principal place of business in Lake County, Florida.

5. According to the Articles of Amendment to Articles of Organization filed by PAK on September 29, 2021, there are two managers of PAK:

    a. Alexander Del Bon, who is a citizen of the State of Florida; and

    b. Leandro Bartole, who is a citizen of the State of Florida.

6. Prime will diligently attempt to serve PAK Auto Transporters, LLC through Alexander Dal Bon as the Registered Agent. However, if Prime is unable to do so, it shall proceed to serve PAK by appointment of the Secretary of State as PAK's agent on whom all process in the instant action may be served. See Fla. Stat. Ann. § 48.181 and Fla. Stat. Ann. § 48.062

7. Ortega, at all times relevant to this action, is a citizen of the State of Florida, domiciled in and a resident of Orange County, Florida.

8. Marin, at all times relevant to this action, is a citizen of the State of Florida, domiciled in and a resident of Osceola County, Florida.

9. Diamond, at all times relevant to this action, is a citizen of the State of Florida, domiciled in and a resident of Orange County, Florida.

10. Venue is appropriate in the Middle District of Florida as at least one of the Defendants resides there and the Policy was issued by Prime for delivery in Lake County, Florida.

11. An actual justiciable controversy between Prime and the Defendants exists within the meaning of 28 U.S.C. § 2201, regarding whether Prime has a duty to defend and therefore a duty to indemnify PAK and Ortega pursuant to the terms and conditions of a policy of insurance, with respect to the claims asserted by Marin, and further whether Prime has a duty to defend and therefore a duty to indemnify PAK, Ortega, and Marin pursuant to the terms and conditions of a policy of insurance, with respect to the claims asserted by Diamond, as is described in greater detail below.

# THE FACTS

12. Prime issued a Commercial Business Auto Insurance Policy to PAK, Policy No. PC21090675, which was in effect from September 10, 2021 through September 10, 2022 (the "Policy"). A copy of the Policy is attached as **Exhibit A**.[1]

13. The Policy contains the following pertinent provisions:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

A.   Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" "property damage to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

***

**B.**   **Exclusions**

This insurance does not apply to any of the following:

**3.**   **Workers' Compensation**

---

[1] The Application for the Policy lists PAK's business name as "PAK Auto Transporters," which reflects the correct legal name for PAK. The Policy itself lists PAK's name as "PAK Auto Transport."

4

> Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law, or any law relating to employer/employee benefits.

**4.  Employee Indemnification And Employer's Liability**

> "Bodily injury" to:
>
> a. An employee of the "insured" arising out of and in the course of:
>    (1) Employment by the "insured"; or
>    (2) Performing the duties related to the conduct of the "insured's" business; or
> b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

***

**5.  Fellow Employee**

> "Bodily injury" to:
>
> a. Any fellow employee of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or
> a. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

***

14. On June 28, 2022, Marin, an employee of PAK, was a passenger in a 2017 Peterbilt 567 truck bearing VIN 1NPCXPEX9HD350358 (the "Vehicle"), which was operated by Ortega, another employee of PAK, when they were involved in an automobile accident in Orange County, Florida, (the "Incident").

15. As a result of her injuries, Marin submitted a claim to Prime, in excess of this Court's jurisdictional limits, seeking to recover personal injury damages allegedly arising from the Incident (the "Demand").

16. The Policy precludes coverage for bodily injury or property damage that arises from or relates to employment by, with, or for PAK, and for which PAK or PAK's insurer, could be held liable under any workers' compensation law, disability benefits, unemployment compensation law, or any similar law, or any law relating to employer/employee benefits.

17. The Policy precludes coverage for bodily injury to any employee engaged in the course and conduct of PAK's business operations.

18. The Policy precludes coverage for PAK's employee's bodily injury caused by another employee and arising out of the course and conduct of the PAK's business operations.

19. Marin is a proper party since her rights, if any, may be affected by this Court's declaration.

20. The Policy further provides:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A**.   **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage"″ or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1.  Who Is An Insured**

The following are "insureds":

**a.**  You for any covered "auto".

**b.**  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(1)**  The owner or anyone else from whom you hire or
borrow a covered "auto".

This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

**(2)**  Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

   **(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

   **(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

   **(5)** A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

  **c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability

***

## SECTION V – DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means:

 **1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

 **2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

8

 **C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

***

## SCHEDULED DRIVERS ENDORSEMENT
### ACA-99-25

**This Endorsement changes the terms and conditions of the Policy issued. Please read it carefully!**

No coverage shall be provided under this Policy for any covered Auto which is being used or operated by anyone other than the driver(s) or operator(s) named below. Any excluded drivers are entitled to Bodily Injury, Property Damage, and
Personal Injury Protection up to the minimum limits required by law and Uninsured Motorist unless otherwise rejected. Driver(s) or operator(s) scheduled on this Policy are to be over the age of 23 and under the age of 65, unless otherwise authorized by an underwriter and scheduled on the Policy.

New drivers and operators will not be added to this Policy until the Insured provides in writing the driver's name, date of birth, and driver's license number to the Insurer. Acceptance by the Insurer is subject to underwriting approval and may require additional premium.

***

## APPROVED DRIVER ENDORSEMENT
### ACA-99-31

**This Endorsement changes the terms and conditions of the Policy issued. Please read it carefully!**

The "insured" is responsible for following each of the procedures set forth in this Endorsement and for making sure that all drivers operating an "auto" meet each of the requirements set forth herein. In the event the "insured" does not follow the procedures set forth herein and/or in the event a driver of an "auto" does not meet the requirements of this Endorsement at the time of the relevant Claim or Loss, the Insurer will have no duty to defend or indemnify any

"insured" for any Claim or "loss". In the event the Insurer is required by state or federal law to make any payments for a Claim or "loss" involving a driver who does not qualify as an approved driver, the "insured" shall be liable to reimburse the Insurer for all Claims Expenses incurred and all payments made relating to such Claim or "loss", including all costs and attorney fees incurred in obtaining such reimbursement.

Coverage is provided for bodily injury liability, property damage liability, and personal injury protection up to the minimum limits required by Florida law and uninsured motorist coverage unless otherwise rejected.

A. Mandatory MVR Review and Monitoring by "Insured":

1. For existing drivers, the "insured" must obtain and review a Motor Vehicle Record "MVR") for each driver at the inception of the Policy to ensure each driver meets the qualifications set forth in this Endorsement. The "insured" must monitor the MVR for each driver on a daily basis to ensure that each and every driver remains in compliance with the qualifications set forth in this Endorsement.

2. For new drivers hired after the inception date of this Policy, the "insured" must obtain and review an MVR and ensure the driver meets each of the qualifications set forth in this Endorsement. Thereafter, the "insured" must monitor the MVR of each driver on a daily basis and ensure that each and every driver remains in compliance with the qualifications set forth in this Endorsement.

B. Driver Qualifications:

To qualify as an "approved driver" without additional underwriting and premium, the driver must meet each of the following qualifications at a) the later of either the inception of the Policy or the hiring date of the driver and b) at the time of the relevant Claim or Loss:

***

    3.    The driver must have at least two years of CDL commercial driving experience if operating a vehicle that requires a CDL.

***

21. The Vehicle requires a CDL to operate.

22. As a result of the Incident, Diamond filed a lawsuit against PAK, Ortega, and Rodriguez ("Diamond's Underlying Lawsuit"). A copy of the operative complaint in Diamond's Underlying Lawsuit is attached as **Exhibit B**.

23. The complaint in Diamond's Underlying Lawsuit alleges Ortega negligently operated and/or maintained the motor vehicle, causing injuries to Diamond. *See* Ex. B. at ¶¶ 22-23.

24. The complaint in Diamond's Underlying Lawsuit alleges Marin negligently operated and/or maintained the motor vehicle, causing injuries to Diamond. *See* Ex. B. at ¶¶ 25-26.

25. The complaint in Diamond's Underlying Lawsuit alleges PAK is vicariously liable for the negligence of Ortega and Marin. *See* Ex. B. at ¶ 35.

26. At the time of the Incident, Ortega was not a scheduled driver under the ACA-99-25 endorsement on the Policy.

27. At the time of the Incident, Marin was not a scheduled driver under the ACA-99-25 endorsement on the Policy.

28. At the time of the Incident, Ortega did not meet the qualifications of being an "approved driver" because she did not have at least two years of CDL commercial driving experience at the time of the Incident, which is one of the requirements to qualify as an "approved driver" under the ACA-99-31 Endorsement.

29. At the time of the Incident, Marin did not meet the qualifications of being an "approved driver" because she did not have at least two years of CDL commercial driving experience at the time of the Incident, which is one of the requirements to qualify as an "approved driver" under the ACA-99-31 Endorsement.

30. Approximately thirteen hours after the Incident, PAK and/or its broker requested that Ortega and Marin be added to the Policy, retroactive to June 27, 2022.

31. At the time of the request to add Ortega and Marin to the Policy, PAK and/or its broker were aware of the Incident.

32. Diamond is a proper party since his rights, if any, may be affected by this Court's declaration.

33. All conditions precedent to bringing this action have been performed or otherwise waived.

1055303\311909011.v1

## COUNT I
## NO COVERAGE UNDER THE POLICY AS MARIN'S DAMAGES AROSE FROM OR RELATE TO EMPLOYMENT BY, WITH, OR FOR PAK
## (AGAINST PAK, ORTEGA, AND MARIN)

34. Prime realleges paragraphs 1 through 19 as paragraph 34 of Count I.

35. Marin's alleged damages arise from or relates to employment by, with, or for PAK.

36. Under Florida Law, PAK was obligated to secure workers' compensation coverage for Marin.

37. Coverage accordingly is precluded for Marin's claim because Marin's alleged damages arose out of or relate to her employment with PAK, and PAK could be held liable for these damages under Florida's workers' compensation laws.

38. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Prime's obligation under the Policy, if any, to defend and indemnify PAK and Ortega for any claims arising out of the Incident and relating to Marin's claim for damages.

## COUNT II
## NO COVERAGE UNDER THE POLICY AS MARIN'S DAMAGES AROSE OUT OF THE COURSE AND CONDUCT OF PAK'S BUSINESS OPERATIONS
## (AGAINST PAK, ORTEGA, AND MARIN)

39. Prime realleges paragraphs 1 through 19 as paragraph 39 of Count II.

40. At the time of the Incident, Marin was operating in the course and scope of her employment with PAK.

41. Coverage accordingly is precluded for Marin's claim because Marin's alleged bodily injury arose out of the course and conduct of PAK's business operations.

42. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Prime's obligation under the Policy, if any, to defend and indemnify PAK and Ortega for any claims arising out of the Incident and relating to Marin's claim for damages.

## COUNT III
## NO COVERAGE UNDER THE POLICY AS MARIN'S DAMAGES WERE CAUSED BY ANOTHER EMPLOYEE
## (AGAINST PAK, ORTEGA, AND MARIN)

43. Prime realleges paragraphs 1 through 19 as paragraph 43 of Count III.

44. Marin alleges that her bodily injury damages were caused by Ortega.

45. At the time of the Incident, Marin was an employee of PAK.

46. At the time of the Incident, Ortega was an employee of PAK.

47. At the time of the Incident, Marin and Ortega were acting in the course and scope of their employment with PAK or were performing duties related to the conduct of PAK's business.

48. Coverage accordingly is precluded for Marin's claim because Marin's alleged bodily injury was caused by another employee of PAK and arose out of the course and conduct of PAK's business operations.

49. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Prime's obligation under the Policy, if any, to defend and indemnify PAK and Ortega for any claims arising out of the Incident and relating to Marin's claim for damages.

## COUNT IV
## NO COVERAGE UNDER THE POLICY FOR DIAMOND'S DAMAGES AS ORTEGA WAS NOT A SCHEDULED DRIVER UNDER THE POLICY
## (AGAINST PAK, ORTEGA, AND DIAMOND)

50. Prime realleges paragraphs 1 through 11 and 20 through 33 as paragraph 50 of Count IV.

51. The Policy provides that "[n]o coverage shall be provided under this Policy for any covered Auto which is being used or operated by anyone other than the driver(s) or operator(s) named below.

52. At the time of the Incident, Ortega was not a Scheduled Driver on the Policy.

53. Accordingly, the Policy does not provide coverage for PAK or Ortega for Diamond's Underlying Lawsuit.

54. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Prime's obligation, if any, to defend and indemnify PAK and Ortega for any claim arising out of the Incident.

### COUNT V
### NO COVERAGE UNDER THE POLICY FOR DIAMOND'S DAMAGES AS ORTEGA WAS NOT AN APPROVED DRIVER UNDER THE POLICY
### (AGAINST PAK, ORTEGA, AND DIAMOND)

55. Prime realleges paragraphs 1 through 11 and 20 through 33 as paragraph 55 of Count IV.

56. The Policy provides that, in order to qualify as an "approved driver" without additional underwriting and premium, the driver must have at least two years of CDL commercial driving experience if operating a vehicle that requires a CDL.

57. At the time of the Incident, Ortega had possessed a CDL for fewer than two years.

58. Accordingly, Ortega did not qualify as an "approved driver" and the Policy does not provide coverage for PAK or Ortega for Diamond's Underlying Lawsuit.

### COUNT VI
### NO COVERAGE UNDER THE POLICY FOR DIAMOND'S DAMAGES AS MARIN WAS NOT A SCHEDULED DRIVER UNDER THE POLICY
### (AGAINST PAK, MARIN, AND DIAMOND)

1055303\311909011.v1

59. Prime realleges paragraphs 1 through 11 and 20 through 33 as paragraph 59 of Count VI.

60. The Policy provides that "[n]o coverage shall be provided under this Policy for any covered Auto which is being used or operated by anyone other than the driver(s) or operator(s) named below.

61. At the time of the Incident, Marin was not a Scheduled Driver on the Policy.

62. Accordingly, the Policy does not provide coverage for PAK or Marin for Diamond's Underlying Lawsuit.

63. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Prime's obligation, if any, to defend and indemnify PAK and Marin for any claim arising out of the Incident.

**COUNT VII**
**NO COVERAGE UNDER THE POLICY FOR DIAMOND'S DAMAGES AS MARIN WAS NOT AN APPROVED DRIVER UNDER THE POLICY**
**(AGAINST PAK, MARIN, AND DIAMOND)**

64. Prime realleges paragraphs 1 through 11 and 20 through 33 as paragraph 64 of Count VII.

65. The Policy provides that, in order to qualify as an "approved driver" without additional underwriting and premium, the driver must have at least two years of CDL commercial driving experience if operating a vehicle that requires a CDL.

17

66. At the time of the Incident, Marin had possessed a CDL for fewer than two years.

67. Accordingly, Marin did not qualify as an "approved driver" and the Policy does not provide coverage for PAK or Marin for Diamond's Underlying Lawsuit.

### COUNT VIII
### NO COVERAGE UNDER THE POLICY FOR DIAMOND'S DAMAGES UNDER THE KNOWN LOSS DOCTRINE
### (AGAINST ALL DEFENDANTS)

68. Prime realleges paragraphs 1 through 11 and 20 through 33 as paragraph 68 of Count VIII.

69. After the Incident occurred, PAK and/or its broker requested that Ortega and Marin be added to the Policy as scheduled drivers.

70. There is no coverage as a matter of Florida public policy for Diamond's Underlying Lawsuit because the loss was an uninsurable known risk.

WHEREFORE, Prime Property and Casualty Insurance Company respectfully requests this Court to find and declare that it does not have a duty to defend and therefore no duty to indemnify PAK and Ortega under the Policy for any of the claims made by Marin against them arising out of the Incident. Prime further respectfully requests this Court to find and declare that it does not have a duty to defend and therefore no duty to indemnify PAK, Ortega, and Marin under

the Policy for any of the claims made by Diamond against them arising out of the Incident.

DATED:  February 27, 2023

                                         HINSHAW & CULBERTSON LLP

                                         */s/ Ronald L. Kammer*
                                         RONALD L. KAMMER
                                         Florida Bar No. 360589
                                         rkammer@hinshawlaw.com
                                         dphangsang@hinshawlaw.com
                                         BRITTNEY SAVINO
                                         Florida Bar No. 118898
                                         bsavino@hinshawlaw.com
                                         msinclair@hinshawlaw.com
                                         2525 Ponce de Leon Blvd., Fourth Floor
                                         Coral Gables, FL 33134
                                         Telephone: 305-358-7747
                                         Facsimile: 305-577-1063
                                         *Attorney for Plaintiff*

1055303\311909011.v1